# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

STANTON Q. SHELTON,            )
                               )
            Plaintiff,         )
                               )
     v.                        )     No. 05-4385-CV-C-NKL
                               )
ROBERT B. ALEXANDER, et al.,   )
                               )
            Defendants.        )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Fulton State Hospital (FSH), a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named defendants are Robert B. Alexander, Michael Imon, Diana Hutcherson, Lee Berry, Ronald Von, Linda Ball, Dr. Roy Wilson, Russel Trempe and Enrique Dos Santos.

In his complaint, plaintiff requests copies of documents in three cases, a temporary restraining order, and instructions to prevent threats against him by Tommy Washington and a JIHAD warrior involved in domestic terrorism. Plaintiff alleges institutional racism and a conspiracy by various hospital employees and requests that these persons be kept 500 feet away from him.

Under 28 U.S.C. § 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state

a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2).  The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).  The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.  Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review, plaintiff should be denied leave to proceed in forma pauperis and his claims dismissed for the reasons set forth below.

On September 22, 2003, a general order was entered by this Court, In Re Stanton Q. Shelton (W.D. Mo. Sept. 22, 2003) (Attachment 1), forbidding plaintiff from filing any further lawsuits in this court unless it is determined that plaintiff's allegations involve some misconduct on the part of his guardian or that plaintiff is in some real danger of harm which is not adequately being addressed by his guardian and the state.  See Kolocotronis v. Reddy, 247 F.3d 726, 727-28 (8th Cir. 2001) (mental patient who is a frequent filer of complaints that are often dismissed may be forbidden from filing further lawsuits without leave of the District Court).  In the instant case, plaintiff's claims do not allege misconduct on the part of his court-appointed guardian, and the court finds that plaintiff's allegations are claims that can and should be addressed by plaintiff's court-appointed guardian.  Thus, plaintiff should be denied leave to proceed in forma pauperis and his claims dismissed, pursuant to the general order.

Plaintiff has a long history of filing frivolous lawsuits based on his delusional perspective of the world.  Although his claims are serious, they are obviously delusional and should not be allowed to proceed.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis, and his claims be dismissed, pursuant to the general order of this court, In Re

Stanton Q. Shelton (W.D. Mo. Sept. 22, 2003), and 28 U.S.C. § 1915, for failure to state a claim on which relief may be granted. It is further

RECOMMENDED that plaintiff's motion for a temporary restraining order be denied [3].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3